## THE PEOPLE v. TORRES.

### APPEAL from the District Court of San Juan.

No. 269.—Decided February 1, 1911.

PENAL LAW—MURDER IN FIRST DEGREE—VERDICT CONTRARY TO LAW OR EVIDENCE—BILL OF EXCEPTIONS.—This court cannot reverse a judgment on an appeal based upon the ground that the verdict was contrary to law or to the evidence when all of the evidence admitted upon the trial has not been submitted for its consideration, and questions of law arising during the trial do not appear in the bill of exceptions. In such case it will be presumed that the verdict was rendered in accordance with the law and the evidence.

ID.—CLASSIFICATION OF CRIME—VERDICT OF JURY.—Where the record shows no taint of passion or prejudice, and no material error is disclosed in classifying the crime, or otherwise, the verdict of the jury should not be disturbed.

NEW TRIAL—INSTRUCTIONS TO JURY—STATEMENT OF FACTS.—In the absence of a statement of facts it must be presumed that the judgment was supported by the evidence, and there being nothing in the record to show any misdirection of the jury or error of the court on any question arising during the progress of the trial, or that the verdict was contrary to the law or the evidence, a new trial should not be granted.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case the accused was convicted of murder in the first degree and the death penalty pronounced. Basilio Torres killed his mistress, Juana Pérez, at the village of La Muda, in the municipal district of Río Piedras, in March, 1909. He

was tried before a jury in the Second Section of the District Court of San Juan, before the Hon. Martin E. Gill, and duly convicted and sentenced to suffer the penalty of death. On appeal to this court, having no counsel to represent him, the court appointed the Hon. Manuel F. Rossy to perform that duty, which he did faithfully and with credit, but without the hope of fee or reward.

It is hardly just that the members of the Porto Rican bar should be required to perform this public service without compensation, although they are generally willing to do so; and where they undertake the duty at all, usually discharge it ably and conscientiously, as was done in the present case.

The record in this matter comes before us in a somewhat meagre form, only containing the information, the charge of the court, the verdict of the jury, the judgment of conviction, the motion for a new trial, the order overruling the same, and the writing of appeal. No bill of exceptions nor statement of facts is contained in the record, and we are thus entirely precluded from a consideration of the facts of the case further than as they are mentioned in the charge given by the court to the jury.

In his brief and oral argument counsel for the defense of the accused alleges that two errors were committed by the trial court, the first in adjudging the defendant guilty of murder in the first degree, and the second in refusing to grant a new trial. These alleged errors will be considered in their order as presented.

The information in the charging paragraph reads as follows:

"The *fiscal* makes an accusation against Basilio Torres for the crime of murder committed as follows: Said Basilio Torres, in Río Piedras, within this judicial district, one day in the month of March, 1909, illegally, with premeditation, *tacit malice,* and the firm and deliberate intent to take the life of Juana Pérez, with a knife inflicted eight wounds upon said Juana Pérez, causing her death almost immediately."

Under our statutes of criminal procedure this information sufficiently charges the defendant with the crime of murder in the first degree. We have no further information in regard to the facts than the statement made by the judge in his charge to the jury, which reads as follows:

"From the proof presented, and not controverted, it appears that Juana Pérez presented herself, with one of her four children, in the house of a niece of hers, a certain Presentación Torres, near La Muda, in Río Piedras; that two or three days later her paramour, the accused, Basilio Torres, presented himself; that these two and the child passed the night in the house of Presentación, in company with Presentación, her husband, Diego Hernández, and besides, a small child of Diego and Presentación. Before retiring, it appears that there were some words between the·accused, Basilio, and Juana Pérez; it appears that the accused desired that Juana Pérez should go with him to Hato Rey in order to live with him, and that she refused to do so. It has not been proven that there was any fuss, nor anything of that kind, but that they had some words.

"From the proof offered it appears that during the first hours of the morning of the next day, Sunday, there was no difficulty between the accused and Juana Pérez; it appears that they both went together to the house of her sister, Jacinta Pérez, sister of Juana Pérez, and that later on they returned to the house of Presentación. In the house of Presentación they were alone, or there was no one with them there except a small female child of Presentación. After some moments—after some minutes—some time aferwards—Presentación heard a scream, she went to the house, and, according to her testimony, she saw the accused striking Juana Pérez with a knife.

"There has been presented some other testimony on the part of María Torres, and Diego Hernández and of other witnesses, and it has not been controverted that the accused is the author of the death of Juana Pérez. It remains now for you to determine the degree of guilt."

It is urged by counsel that under this state of facts the jury could not properly have found the defendant guilty of murder in the first degree for want of proof of premeditation and deliberation. If there was no premeditation, then the verdict should not have been rendered for murder in the first degree. Our statute says that all murder committed by

means of poison, lying in wait, torture, or by any other kind of wilful, deliberate, or premeditated killing, or which is committed in the perpetration, or the attempt to perpetrate, arson, rape, robbery, burglary, or mayhem, is murder of the first degree, and all other kinds of murders are of the second degree. (Penal Code of Porto Rico, sec. 201, p. 519.)

Under the facts of this case, unless the killing of Juana Pérez was wilful, deliberate, and premeditated, it could not be classed as murder in the first degree, but only as murder in the second degree. It is stated elsewhere in the charge given by the court to the jury that the deceased was stabbed eight times with a knife, from which wounds she died almost instantly. It was left to the jury to determine whether or not the facts proven showed that the killing was wilful, deliberate, and premeditated. They found that it was. We have not the whole evidence before us. From all that the record shows there may have been other circumstances which more clearly show deliberation and premeditation. But it is unnecessary to show that the deliberate intention to unlawfully take away the life of the deceased existed for any considerable period of time. The instructions given the jury as to the distinction between murder in the first and second degrees were full and clear and perfectly fair to the accused. At the request of counsel the jury was also charged to give the defendant the benefit of every reasonable doubt.

'The Supreme Court cannot reverse a judgment by virtue of an appeal based upon the ground that the verdict is contrary to law or to the evidence, when all of the evidence admitted upon the trial is not submitted for its consideration and questions of law arising during the trial do not appear in the bill of exceptions. In such case it will be presumed that the verdict was rendered in accordance with the law and the evidence.'' (*People* v. *Díaz,* 5 P. R., 415.)

The record shows no taint of passion or prejudice, and no material error is disclosed in classifying the crime or otherwise. We cannot find any reason to disturb the verdict of the jury. The judgment of the court and the assessment

of the death penalty followed as a legal sequence from the verdict rendered.

Then should a new trial have been granted? Section 303 of the Code of Criminal Procedure prescribes the cases in which a new trial may be granted. None of these could possibly be applied to the case at bar except the fifth and sixth, which read as follows:

"Fifth. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial.

"Sixth. When the verdict is contrary to law or evidence."

There is nothing in the record to show any misdirection of the jury or any error of the court on any question arising during the progress of the trial. Nor does it appear that the verdict of the jury was contrary to the law or the evidence. The proceedings were fair and regular and in accordance with the law. And, in the absence of a statement of facts, we must presume that the judgment was supported by the evidence.

It is evident that a cruel murder has been committed and the accused has justly forfeited his life. The judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro, and Aldrey concurred.